MAIN, Justice
(concurring in case no. 1101313, case no. 1110158, and case no. 1130598 and concurring in the rationale in part and concurring in the result in case no. 1101384 and case no. 1110310).
I concur fully in the main opinion with the exception of the discussion concerning this Court’s appellate jurisdiction over the two Rule 3.13 cases filed as appeals (case no. 1101384 and case no. 1110310). To determine whether this Court has appellate jurisdiction over the Rule 3.13 appeals, we must look to the applicable constitutional and statutory provisions. The Ala *964 bama Constitution provides that this Court “shall have such appellate jurisdiction as may be provided by law.” Art. VI, § 140(c). Section 12-2-7, Ala.Code 1975, provides that this Court has authority to “exercise appellate jurisdiction coextensive with the state, under such restrictions and regulations as are prescribed by law.” § 12-2-7(1). The Alabama Constitution further provides that the Court of Criminal Appeals and the Court of Civil Appeals “shall exercise appellate jurisdiction under such terms and conditions as shall be provided by law and by rules of the supreme - court.” Art. VI, § 141(a) and (b). With regard to the Court of Criminal Appeals’ appellate jurisdiction, § 12-3-9, Ala. Code 1975, provides that the “Court of Criminal Appeals shall have exclusive appellate jurisdiction of all misdemeanors, including the violation of town and city ordinances,-habeas corpus and all felonies, including all post conviction writs in criminal cases.”
The matters underlying the Rule 3.13 appeals are not matters that can be considered “misdemeanors, ... habeas corpus [or] ... felonies.” Accordingly, the Court of Criminal Appeals does not have exclusive appellate jurisdiction over the Rule 3.13 appeals, and this Court may properly exercise original appellate jurisdiction over them.
BOLIN, J., concurs.